Zorik Mooradian, Esq., CSB No. 136636
zorik@mooradianlaw.com
Haik Hacopian, Esq., CSB No. 282361
haik@mooradianlaw.com
MOORADIAN LAW, APC
24007 Ventura Blvd., Suite 210
Calabasas, CA 91302
Telephone: (818) 487-1998
Facsimile: (888) 783-1030

Attorneys for:   Plaintiff ORALIA SEPULVEDA, individually and on behalf of other persons similarly situated

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ORALIA SEPULVEDA, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., an active Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | **Case No.: 8:22-cv-02195-AB-KK**<br><br>Assigned to: Hon. André Birotte, Jr.<br>Department: Courtroom 7B<br><br>**FIRST AMENDED COMPLAINT – CLASS ACTION**<br>**JURY TRIAL DEMANDED**<br><br>1. Failure to Provide Meal Periods;<br>2. Failure to Provide Paid Rest Periods;<br>3. Failure to Pay Wages;<br>4. Failure to Timely Pay Wages at Termination/Separation;<br>5. Failure to Timely Pay Vacation Wages at Termination;<br>6. Failure to Provide Accurate Wage Statements;<br>7. Failure to Reimburse Business Expenses; and<br>8. Violation of Unfair Business Practices Act – Bus. & Prof. Code |

**FIRST AMENDED COMPLAINT - CLASS ACTION -1-**

§§ 17200, *et seq.*

Action Filed: Sept. 2, 2022
Action Removed: Dec. 7, 2022

Plaintiff ORALIA SEPULVEDA ("Plaintiff"), on behalf of herself and all others similarly situated, based on information and belief, complains and alleges:

## I.

## INTRODUCTION

1. This class action lawsuit arises out of the failure of Defendant WALMART INC. (referred here as "WALMART" or "Defendant") to provide meal periods at the proper intervals, to provide rest periods at the proper intervals, to pay all wages owed including overtime, to provide accurate wage statements, to pay all wages owed to terminated or separated employees in a timely manner, to pay all vacation pay owed to terminated or separated employees, and to reimburse employee business expenses.

2. Defendant employed Plaintiff during the applicable time period, utilizing consistent policies and procedures in violation of Labor Code §200, et seq., Labor Code §500, et seq., Labor Code §1194, et seq., Labor Code §2800, et seq., and the applicable Wage Orders issued by the California Industrial Welfare Commission.

3. Defendant is engaged in the business of retail sales, merchandising, and distribution. Plaintiff was hired on or about August 27, 2021, and separated on or about October 25, 2021. At all times during said employment, Plaintiff had a non-exempt classification. Plaintiff was employed by Defendant at the "Walmart Supercenter" located at 440 North Euclid Street in Anaheim, California 92801.

4. At the time of her separation, Plaintiff was not paid all her wages, including all accrued and vested vacation pay.

**FIRST AMENDED COMPLAINT - CLASS ACTION -2-**

5. Plaintiff was also deprived of lawful meal and rest periods, not paid all wages she was entitled to, and failed to receive accurate and compliant itemized wage statements.

6. Defendant had a consistent policy of not paying wages for all hours worked, including overtime and double time wages to the extent applicable.

7. Defendant had a consistent policy of requiring its employees, including Plaintiff, to work through meal periods or work without a meal period for at least five (5) hours of a shift and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period was not provided or as required by California state wage and hour laws.

8. Defendant had a consistent policy of failing to allow its employees, including Plaintiff, rest periods for at least ten (10) minutes per four (4) hours, or a major fraction worked, and failing to pay such employees one (1) hour of pay at their regular rate of compensation for each workday that the rest period was not provided, or other compensation, as required by California state and wage and hour laws.

9. Defendant knowingly provided inaccurate wage statements to its employees, including Plaintiff, that did not correctly include the correct wages, including compensation for meal periods not provided and rest period not authorized or permitted as required by California state wage and hour laws.

10. Defendant had a consistent policy of failing to pay its employees, including Plaintiff, all wages including accrued and vested vacation pay, due at the termination or separation, in violation of California state wage and hour laws.

11. Defendants had a consistent policy of failing to reimburse their employees, including Plaintiff, for all business expenses incurred in the discharge of their duties.

**FIRST AMENDED COMPLAINT - CLASS ACTION -3-**

12. Walmart failed to pay employees, including Plaintiff, for all hours worked, including any overtime, on account of COVID-19 health screenings which occurred before employees clocked-in to start their shift. Employees were prevented from clocking in until they passed the daily screening test which included temperature checks and questionnaires. Employees frequently had to wait in line for the screening in addition to time spent undergoing the screening, repeating the screening if needed, being provided personal protective equipment, donning same, and walking over to the time clock to clock in if they were cleared to work. At all times during this process, Walmart retained completer control over employees. This process resulted in anywhere from five (5) to fifteen (15) minutes of unpaid time per employee for each shift during which a health screening occurred. To the extent that the time spent at those health screenings are added to an employee's work time, any meal and rest breaks provided, would be occurring at later times such that they would not always occur at timely intervals. Moreover, this off-the-clock time would not factor into any vacation pay, sick leave, or PTO accrual for employees including Plaintiff.

13. Employees, including Plaintiff, also did not receive net 30-minute meal breaks on account of the clocking out and clocking process and time clock accessibility as well as work off-the-clock during meal periods. For instance, a time record reflecting a 30-minute period during which an employee was clocked out would not reflect a meal period of that duration on account of an employee cutting short any off-duty time to return to their workstation and access a time clock.

14. Walmart required the use of personal cell phones during employee training periods but never provided compensation for their use by employees including Plaintiff.

15. Plaintiff, on behalf of herself and all Class Members, brings this action

**FIRST AMENDED COMPLAINT - CLASS ACTION -4-**

pursuant to Lab. Code §§ 201, 202, 203, 204, 210, 226, 226.7, 227.3, 510, 512, 1194, 1194.2, 2800, and 2802 seeking unpaid wages, penalties, equitable relief, and reasonable attorneys' fees and costs.

16. Plaintiff, on behalf of herself and the putative class members, also brings this action pursuant to Bus. & Prof. Code §§ 17200, *et seq.*, seeking injunctive relief, restitution, and disgorgement of all benefits obtained by Defendant as a result of Labor Code and applicable Wage Order violations.

## II.
## JURISDICTION AND VENUE

17. Venue as to as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. The County of Orange is the proper venue, because work for Defendant was performed by Plaintiff and other class members in the County of Orange and the legal obligations owed by Defendant to Plaintiff and other class members were breached in the County of Orange.

18. The California Superior Court has jurisdiction in this matter, because Plaintiff is a resident of California, Defendant is qualified to do business in California and regularly conducts business in California.

## III.
## THE PARTIES

19. Plaintiff ORALIA SEPULVEDA is a resident of the State of California, and was employed by Defendant in Orange County from on or about August 27, 2021 through on or about October 25, 2021.

20. Defendant WALMART INC. was an active Delaware Corporation at all times during the claims of Plaintiff and the putative class and was doing business in California.

21. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the defendants sued herein as Does 1 through 10, but she is informed and believes and thereon alleges that

**FIRST AMENDED COMPLAINT - CLASS ACTION -5-**

said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff will amend this First Amended Complaint to allege their true names and capacities when ascertained.

22. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.
## GENERAL ALLEGATIONS

23. At all times relevant here and as set forth in the following paragraphs of this First Amended Complaint, Defendant employed more than 100 people; and Plaintiff and each member of the putative class was employed by Defendant, and each of them, in the State of California.

24. The employees of Defendant have not been provided: uninterrupted thirty-minute meal periods for work periods of more than five (5) hours per day; second uninterrupted thirty-minute meal periods for work periods of more than ten (10) hours per day; and have not been permitted to take ten-minute (10) rest periods for work periods of four (4) hours or major fractions, pursuant to the Labor Code, and applicable IWC Wage Orders.

25. Defendant failed to pay employees wages owed for all hours worked, including overtime hours as applicable.

26. Defendant failed to pay Plaintiff and the members of her putative class upon separation the wages earned and unpaid at the time of discharge, including accrued and vested vacation pay or "PTO."

27. Defendant failed to provide Plaintiff and the putative members of her class, at the time of each payment of wages, an accurate itemized statement in writing,

showing the gross wages earned and/or paid, including premium wages owed for failing to provide meal and/or rest periods at the proper intervals.

28. Defendants failed to fully reimburse Plaintiff and putative members of her class for all their business-related expenditures. In violation of the Labor Code, Plaintiff and putative members of her class did not receive indemnification for all business-related expenditures.

29. Plaintiff asserts claims for relief on behalf of herself and other similarly situated persons as a class action pursuant to Code of Civil Procedure § 382. Plaintiff and all members of her putative class are described below with specificity and fall in several categories of subclasses whose rights have been violated under the law. Defendant has made no effort as of the filing of this First Amended Complaint to correct or remedy the violations of law specified here.

## V.
## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and all other employees of WALMART who are similarly-situated persons as a class action pursuant to California Code of Civil Procedure § 382. There is a well-defined common interest by and among Plaintiff and the putative class members, and it is impractical to bring all those individuals before the court under separate, different and repetitive actions. Plaintiff also reserves the right to amend or modify the class descriptions set forth below in greater specificity or clarity if required in the future in accordance with Rule 3.765 (b), California Rules of Court. The class which Plaintiff seeks to represent is composed of and defined as follows:

> "Plaintiff Class" – All of Defendant's current and former non-exempt employees who worked for Defendant at the Walmart Supercenter located at 440 North Euclid Street in Anaheim California, during the four

years before the filing of the Complaint through the time of class certification.

31. Plaintiff seeks to certify the following subclasses of employees:
   a) "Meal Period Subclass" – All members of Plaintiff Class who worked each period exceeding five (5) hours without an uninterrupted, off duty, thirty (30) minute meal period and/or periods in excess of ten (10) hours without a second uninterrupted, off duty, thirty (30) minute meal periods; and were not provided compensation of one hour's pay at the employee's regular rate for each day that a meal period was not provided.
   b) "Rest Period Subclass" – All members of Plaintiff Class who worked periods of four (4) hours or major fraction thereof without a duty free rest period of at least 10-minutes and who were not compensated one hour's pay at the employee's regular rate for each day that a rest period was not permitted.
   c) "Unpaid Wage Subclass" – All members of Plaintiff Class who were not paid their minimum/actual wages, including any time that was unlawfully rounded by Defendant or otherwise considered as off-the-clock, as well as overtime wages for hours worked in excess of eight hours per day at the one and a half rate (of an employee's regular rate of pay) or at a double time rate (of an employee's regular rate of pay) as applicable.
   d) "Waiting Time Subclass" – All members of Plaintiff Class to whom Defendant failed to pay all wages due to them upon termination or resignation under Labor Code §§ 201-203.
   e) "Vacation Pay Subclass" – All members of Plaintiff Class to whom Defendant failed to pay all vacation wages owed, vested or agreed to upon termination or resignation as required by Labor Code §227.3.

**FIRST AMENDED COMPLAINT - CLASS ACTION -8-**

f) "Wage Statement Subclass" – All members of Plaintiff Class to whom Defendant improperly failed to provide accurate itemized wage statements under Labor Code §§ 226.

g) "Expense Reimbursement Subclass" – All members of Plaintiff Class to whom Defendants failed to fully reimburse employee business expenses as required by Labor Code §2802.

h) "UCL Subclass" – All members of the Meal Period, Rest Period, Unpaid Wage, Waiting Time, Vacation Pay, Wage Statement, and Expense Reimbursement Subclasses who were subject to unlawful, illegal, unfair and/or deceptive business acts and practices by Defendant and are entitled to disgorgement and restitution of unpaid wages.

32. There is a well-defined community of interest among many persons who comprise a readily ascertainable class:

   a) Numerosity - The potential members of the Class and Subclasses as defined here are so numerous that the individual joinder of all of them as named plaintiffs is impracticable. The number of members of the Class and Subclasses is unknown to Plaintiff. It is however estimated that the members are more than 100 individuals, and their identities may readily be ascertained from Defendant's records.

   b) Typicality – The claims of Plaintiff are typical of the claims of all members of the Class and Subclasses, who sustained similar damages arising out of Defendant's common course of conduct in violation of law as alleged.

   c) Ascertainable Class – The proposed Class and Subclasses are ascertainable as the members can readily be identified and located based on the Defendant's payroll and personnel records.

**FIRST AMENDED COMPLAINT - CLASS ACTION -9-**

d) Adequacy – Plaintiff is an adequate representative of the Class and Subclasses: Plaintiff will fairly protect the interests of the members, she has no interest adverse to the members, and she will vigorously pursue this lawsuit on behalf of all the members of the Class and Subclasses. Plaintiff's attorneys are competent, skilled and experienced in litigating large employment law class actions.

e) Superiority - Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, the monetary amounts due to many individual members of the Class and Subclasses are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for the members to seek and obtain relief.  A class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

f) Common Questions of Law and Fact – There are common questions of law and fact as to the members of the Class and Subclasses which are superior to questions affecting only individual members of the Class and Subclasses. The common questions of law and fact may be summarized as follows and if necessary will be refined with the progress of formal discovery in the case:

g) Whether Defendant failed to provide members of Plaintiff Class who ceased employment with Defendant all wages owed at the time of the cessation of the employee-employer relationship?

**FIRST AMENDED COMPLAINT - CLASS ACTION -10-**

h) Whether Defendant violated California law and applicable Wage Orders by failing to provide Plaintiff Class members with paid ten-minute (10) rest periods for each four hours worked?

i) Whether the remedy for an employer's failure to provide rest breaks as required by law is a premium wage for hardship of missing a lawful rest break?

j) Whether Defendant violated California law and applicable Wage Orders by failing to provide Plaintiff Class members with thirty minute (30) meal period for more than five hours of work?

k) Whether Defendant violated California law and applicable Wage Orders by failing to provide members of Plaintiff Class with a second meal period?

l) Whether the remedy for an employer's failure to provide meal period as required by law is a premium wage for hardship of missing a lawful meal period?

m) Whether Defendant violated California law, including the applicable wage orders by failing to properly compensate Plaintiff Class members for all hours worked, including overtime hours as applicable?

n) Whether Plaintiff Class is entitled to waiting time penalties under Labor Code § 203?

o) Whether Defendant violated Labor Code §227.3 by its failure to provide Plaintiff Class with all vacation wages or PTO owed, vested or agreed to upon termination or separation?

p) Whether Defendant violated California law by its failure to provide Plaintiff Class with accurate and itemized wage statements?

q) Whether Defendants have violated Labor Code §2802 by failing to reimburse Plaintiff and the Plaintiff Class for all business expenses incurred by them in direct consequence of the discharge of their duties?

**FIRST AMENDED COMPLAINT - CLASS ACTION -11-**

r) Whether Defendant violated Business and Professions Code §§ 17200 et. seq., Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 227.3, 510, 512, 1194, 1194.2, 2800, 2802, and applicable Wage Orders which constitute violations of the public policy?

s) Whether Plaintiff Class is entitled to an equitable relief in accordance with Business and Professions Code §§ 17200 et. seq.

t) Whether Defendant's affirmative defenses, if any, raise common issues of law and fact as to Plaintiff Class as a whole and/or Subclasses in particular?

### VI.

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIOD OR COMPENSATION IN LIEU THEREOF
### (Labor Code §§ 226.7, 512)
### (By Plaintiff and Meal Period Subclass against Defendant)

33. Plaintiff incorporates paragraphs 1 through 32 of this First Amended Complaint as if fully alleged herein.

34. By its failure to provide thirty minute (30) uninterrupted meal period as well as second meal period, if applicable, to Plaintiff and members of Meal Period Subclass, Defendant willfully violated the provisions of Labor Code §§ 226.7, 512 and applicable IWC Wage Orders.

35. As a result of Defendant's unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

### VII.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF
### (Labor Code § 226.7)
### (By Plaintiff and Rest Period Subclass against Defendant)

**FIRST AMENDED COMPLAINT - CLASS ACTION -12-**

36. Plaintiff incorporates paragraphs 1 through 32 of this First Amended Complaint as if fully alleged herein.

37. By its failure to provide ten-minute (10) rest periods for every four (4) hours of work or major fraction thereof per day to Plaintiff and Rest Period Subclass, Defendant willfully violated Labor Code § 226.7 and applicable Wage Orders.

38. As a result of Defendant's unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## VIII.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY WAGES
### (Labor Code §§ 204, 210, 510, 1194, 1194.2)
### (By Plaintiff and the Unpaid Wage Subclass against Defendant)

39. Plaintiff incorporates paragraphs 1 through 32 of this First Amended Complaint as if fully alleged herein.

40. At all relevant times, Plaintiff and the other members of the Unpaid Wage Class were employees of Defendant covered by Labor Code §§ 204, 210, 510, 1194, 1194.2 and applicable Wage Orders, and they were entitled to receive minimum and overtime wages for all hours worked and liquidated damages equal to unlawfully unpaid minimum wages with interest.

41. Defendant has violated California law and the specified provisions of the Labor Code and applicable Wage Orders by its failure to pay all wages due in accordance, including minimum wages, wrongfully classified off-the-clock wages and overtime pay. Notably, any wages that were paid were not effectively paid within seven (7) days of the close of any applicable payroll period. As a result of Defendant's unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

**FIRST AMENDED COMPLAINT - CLASS ACTION -13-**

## IX.

## FOURTH CAUSE OF ACTION
### FAILURE TO PAY WAGES DUE AT TERMINATION
(Labor Code §§ 201, 202, 203)
(By Plaintiff and Waiting Time Subclass against Defendant)

42. Plaintiff incorporates paragraphs 1 through 32 of this First Amended Complaint as if fully alleged herein.

43. By its failure to timely pay Plaintiff and Waiting Time Subclass, Defendant willfully violated the provisions of Labor Code §§ 201, 202, 203 and applicable Wage Orders. Sec. 203 of Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as penalty, continue to pay the employee's wages until the back wages are paid in full or an action is commenced.

44. As a result of Defendant's unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## X.

## FIFTH CAUSE OF ACTION
### FAILURE TO PAY VACATION WAGES DUE AT TERMINATION
(Labor Code §227.3)
(By Plaintiff and Vacation Pay Subclass against Defendant)

45. Plaintiff incorporates paragraphs 1 through 32 of this First Amended Complaint as if fully alleged herein.

46. By its failure to timely pay Plaintiff and Vacation Pay Subclass, Defendant willfully violated the provisions of Labor Code §227.3. Section 227.3 of Labor Code provides that whenever a contract of employment or employer policy provides for paid vacation, and an employee is terminated without having taken off his or her vested vacation time, all vested vacation shall be paid to him as wages at his or her final rate in accordance with such contract of

employment or employer policy respecting eligibility of time served; provided, however, that an employment contact or employer policy shall not provide for forfeiture of vested vacation time upon termination.

47. As a result of Defendant's unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## XI.

### SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
### (Labor Code §226)
### (By Plaintiff and Wage Statement Subclass against Defendant)

48. Plaintiff incorporates paragraphs 1 through 32 of this First Amended Complaint as if fully alleged herein.

49. By its failure to provide accurate itemized wage statements, semimonthly or at the time of each payment of wages, Defendant willfully violated the provisions of Labor Code §226 and applicable Wage Orders.

50. As a result of Defendant's unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## XII.

### SEVENTH CAUSE OF ACTION
### FAILURE TO REIMBURSE ALL BUSINESS EXPENSES
### (Labor Code §§2800, 2802)
### (By Plaintiff and Expense Reimbursement Subclass against Defendants)

51. Plaintiff incorporates paragraphs 1 through 32 of this First Amended Complaint as if fully alleged herein.

52. Labor Code § 2800 provides, in pertinent part, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

53. Labor Code § 2802 provides, in pertinent part, "[a]n employer shall indemnify his or his employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or his duties…"

54. Further, Labor Code § 2802 additionally provides, in pertinent part: "(c)…the term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

55. During the relevant time period, Defendants were required to reimburse Plaintiff and class members for all expenditures or losses caused by the employer's want of ordinary care and/or incurred in direct consequence of the discharge of their duties, but failed to indemnify and reimburse Plaintiff and class members in violation of Labor Codes §§ 2800 and 2802.

56. As a direct and proximate result, Plaintiff and class members have suffered, and continue to suffer, substantial losses, related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under California law, all of their damage in amounts according to proof at the time of trial.

## XIII.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF UNFAIR BUSINESS PRACTICES ACT
### (Bus. & Prof. Code §§ 17200, *et seq.*)
### (By Plaintiff, Plaintiff Class and All Subclasses against Defendant)

57. Plaintiff incorporates paragraphs 1 through 53 of this First Amended Complaint as if fully alleged herein.

58. The alleged unlawful conduct of Defendant constitutes unfair competition pursuant to Business and Professions Code §§ 17200 *et seq*, and this cause of action is brought as a cumulative remedy under Bus. & Prof. Code § 17205 for the time period starting four (4) years before the filing of the Complaint.

**FIRST AMENDED COMPLAINT - CLASS ACTION -16-**

59. As a result, Plaintiff and other members of Plaintiff Class and Subclasses have suffered injury in fact and lost money or property. Plaintiff and said members have been deprived of their rights as set forth in this First Amended Complaint, including, but not limited to, payment of minimum and/or actual wages for all hours worked.

60. Pursuant to Business and Professions Code § 17203, Plaintiff and other members of Plaintiff Class and Subclasses are entitled to restitution of all wages owed to them under the Labor Code, and interest thereon, in which they had a property interest, which Defendant failed to pay to them but withheld and retained for itself. Restitution of the money owed to Plaintiff, Plaintiff Class and Subclasses is necessary to prevent Defendant from becoming unjustly enriched by its failure to comply with the Labor Code provisions.

61. Plaintiff and members of Plaintiff Class and Subclasses are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

62. Plaintiff requests the court to issue a preliminary and permanent injunction prohibiting defendants from committing the Labor Code and applicable Wage Order violations set forth in this First Amended Complaint, and Plaintiff and the members of Plaintiff Class and Subclasses have suffered further damages as articulated in the Prayer for Relief, set forth below, also incorporated here fully as applicable.

## XIV.
## PRAYER FOR RELIEF

**WHEREFORE,** on behalf of herself and all others similarly situated, Plaintiff prays for relief and judgment against Defendant as follows:

**FIRST AMENDED COMPLAINT - CLASS ACTION -17-**

A. An order certifying that Plaintiff may pursue her claims as a class action under Section 382 of the Code of Civil Procedure; and it is further requested that Plaintiff Class and each Plaintiff Subclass be certified;

B. An order appointing Plaintiff as Class representative;

C. An order appointing Plaintiff's counsel as Class counsel;

D. Disgorgement of Defendant's wrongfully obtained profits and restitution of unpaid wages under Business and Professions Code §§ 17203, 17204;

E. Damages for unpaid additional compensation for failing to provide timely or uninterrupted or lawful meal periods and rest periods;

F. Damages for unpaid minimum wages under Labor Code § 1194;

G. Liquidated damages under Labor Code § 1194.2;

H. Statutory penalties under Labor Code § 210;

I. Statutory penalties under Labor Code § 226(e);

J. Damages for unpaid penalty wages under Labor Code § 203;

K. Reimbursement of business expenses under Labor Code § 2802;

L. Damages for unpaid vacation wages at the time of discharge under Labor Code § 227.3;

M. Reasonable attorney's fees and costs pursuant to statute, including, but not limited to Labor Code § 218.5 and Code of Civ. Proc. § 1021.5;

N. Enjoinment of Defendant from further acts of unfair competition and continuous violations of the Labor Code and applicable Wage Orders; and

O. For such other relief that the Court may deem just and proper, including prejudgment interest and costs.

DATED:  Jan. 9, 2023                    MOORADIAN LAW, APC


By: /s/Haik Hacopian
    **Zorik Mooradian**,
    **Haik Hacopian**,

**FIRST AMENDED COMPLAINT - CLASS ACTION -18-**

Attorneys for Plaintiff and the putative class

## DEMAND FOR A JURY TRIAL

Plaintiff ORALIA SEPULVEDA hereby demands a jury trial in the above case.

DATED:  Jan. 9, 2023          **MOORADIAN LAW, APC**

By: /s/Haik Hacopian
    **Zorik Mooradian**,
    **Haik Hacopian,**
    Attorneys for Plaintiff and the putative class